UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN M. QUIGLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:18-cv-00938 CKD<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1968, applied on July 16, 2014 for Social Security Disability Insurance Benefits, alleging disability beginning June 5, 2012. Administrative Transcript ("AT") 22, 182. Plaintiff alleged he was unable to work due to back injury, right hip injury, severe depression, and traumatic brain injury. AT 112. In a decision dated January 12, 2017, the ALJ determined that

1

plaintiff was not disabled.[1] AT 22-41. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since July 5, 2012, the application date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the right hip; degenerative joint disease of the right knee; history of traumatic brain injury (TBI); migraines; tinnitus; and mental impairments variously described as depression, anxiety, and PTSD.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform all work-related activities, except: he is able to lift and carry ten pounds frequently and twenty pounds occasionally; he is able to sit for about six hours of an eight hour workday; he is able to stand and/or walk for about six hours of an eight hour workday; he is precluded from climbing ladders, ropes, and scaffolds; he is precluded from exposure to hazards (unprotected heights, hazardous machinery, dangerous equipment, and so forth); he is limited to occasional climbing of ramps and stairs; he is limited to occasional stooping, kneeling, crouching, and crawling; he should avoid concentrated exposure to extreme cold; he is able to perform simple, repetitive tasks; he is limited to no more than occasional interaction with supervisors, coworkers, and the public.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on XX/XX/1968 and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed.
>
> 8. The claimant has at least a high-school education and is able to communicate in English.
>
> 9. Transferability of job skills is not an issue in this case because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled' whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

AT 24-40.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ improperly rejected the opinion of examining neurologist Dr. Chao; (2) the ALJ improperly rejected plaintiff's testimony; (3) the ALJ improperly rejected lay witness testimony; and (4) the ALJ's Step Five finding is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

3

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Before turning to plaintiff's claims, the court notes the following background facts:

Plaintiff has a college education; his previous jobs include truck driver, correctional officer, and security guard. AT 52, 78-79, 197-204. While serving in the military in 2001, he hit his head on a steel door. AT 490. In November 2011, he was injured at work when some boxes fell on his right hip, knocking him to the floor. AT 921. Plaintiff testified that his July 5, 2012 onset date corresponds to the date the federal department of Veterans Affairs ("VA") classified him as unemployable due to his injuries. AT 62.

////

////

4

A. Medical Opinions

Plaintiff asserts that the ALJ erred in discounting the opinion of examining physician Dr. Steven Chao, a neurologist who examined plaintiff on May 24, 2013 and noted his past traumatic brain injury. See AT 487-509.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Dr. Chao wrote that during plaintiff's U.S. Army service from 1997 to 2001, he had "several minor head traumas," the most significant of which occurred in June 2011, when he hit his head on a steel door and "did not lose consciousness, but felt dazed for 4-5 hours" and experienced nausea and balance problems for the rest of the day. AT 490. "After this incident,

he started having headaches and memory disturbance." AT 490. Dr. Chao continued:

> Headaches was described in 2011 C&P evaluation as a 'throbbing pain in the frontal head region associated with photophobia and a phonophobia without nausea and vomiting, which usually last 30-60 minutes occurring 2-3 times per week. These headaches are stable throughout the years. Although the patient has these headaches, he is still able to work at this time. He prefers to lie down and rest in a quiet room during these headaches. Rest and the usage of Motrin are helpful in the treatment of these headaches. . . . Being exposed to light and loud noise would exacerbate his headaches.'
>
> However, these headaches has gotten worse in the last year . . . This year, he has been having these headaches 3-4 times per week. He usually prefers to lie down and rest during these headaches.

AT 490-491.

At the conclusion of his report, Dr. Chao opined that plaintiff's "headache condition impact[ed] his ability to work," explaining:

> He has recurrent headaches severe in intensity and debilitating. The headache qualifies as migraine headaches. It is prostrating, and interferes with his daily function since 2011, as <u>he has to take 1-2 hours breaks 2-3 times per week.</u> It is the opinion of this writer that his migraine headache is as likely as not caused by or worsened by the traumatic brain injury from 2001.

AT 509 (emphasis added).

The ALJ summarized Dr. Chao's examination findings, e.g., that plaintiff exhibited average performance "across tests assessing orientation, attention or concentration, speech/language abilities, new learning and memory retention, visuo-spatial functions, and component executive and cognitive processes." AT 32, citing AT 487-509. The ALJ also noted Dr. Chao's finding that plaintiff's "poor concentration and short-term memory, was likely a result of TBI in combination with his depression." AT 32, citing AT 487-509.

The ALJ summarized Dr. Chao's findings about plaintiff's headaches as follows:

> On May 17, 2013, Dr. Chao noted that migraines, attributed to the TBI, had been diagnosed on June 23, 2011. The headaches qualified as migraine headaches. The headaches had interfered with the claimant's daily functioning since 2011, as the claimant had to take one to two-hour breaks two or three times a week. Dr. Chao stated that the migraine headaches were as likely as not

6

| | |
|---|---|
| 1 | caused by or worsened by the traumatic brain injury from 2001. |
| 2 | AT 32; record citations omitted. |

The ALJ did not mention Dr. Chao's conclusion that plaintiff's headaches impacted his ability to work. Nor did the ALJ give specific and legitimate reasons for failing to include headache-related limitations in the RFC, even though Dr. Chao's opinion was consistent with certain other record evidence noted in the decision. See AT 33 (at a February 2013 VA appointment, "[t]he claimant complained of severe 'migraines,' which he stated he had been having three times a week since October 2012"); AT 34 ("On November 20, 2014, the claimant told David Y. Su, M.D., that he continued to have headaches all the time."); AT 36, 73-74 (plaintiff testified about frequent migraines requiring him to lie down for 1-2 hours in darkness); AT 24 (noting that in August 2014, plaintiff's service-connected disabilities were listed as 50% attributable to migraine headaches, second only to major depressive disorder at 70% ), citing AT 525-526. While the ALJ found plaintiff's migraines to be a "severe impairment," she did not include a need for migraine-related breaks in the RFC or in the hypothetical to the vocational expert.

To be sure, the ALJ found plaintiff less than fully credible as to the "intensity, persistence, and limiting effects of" his symptoms. AT 35. (Plaintiff challenges this credibility determination in a separate claim.) Dr. Chao's opinion that plaintiff's migraines would interfere with his ability to work and/or required lengthy breaks appears to be based on plaintiff's self-reporting, as well as past medical records attesting to a TBI and history of migraines. The ALJ could have discounted Dr. Chao's findings for specific and legitimate reasons, e.g., self-reporting issues, but to fail to either *credit* or *discount* these findings by the examining neurologist was error. It is not clear from the current record how any migraine-related limitations in the RFC would affect plaintiff's employability. See AT 83 (VE testifies that the need to take frequent breaks "to lie down" would eliminate all available jobs for someone with plaintiff's RFC). Thus the nondisability determination is not supported by substantial evidence, and plaintiff is entitled to summary judgment on this claim.[2]

---

[2] Accordingly, the court does not reach the remaining claims.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff was disabled during the relevant period. On remand, the ALJ shall reevaluate the medical opinion evidence and provide legally sufficient reasons for discounting any opinion as to plaintiff's impairments and/or ability to perform work-related functions. The ALJ shall question the vocational expert as to any resulting RFC.

The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is

supported by the record as a whole.

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is denied; and

3. This matter is remanded for further proceedings consistent with this order.

Dated: July 23, 2019

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/quigley00938.ssi.ckd